(59 Misc. Rep. 104.)

### DAVIES et al. v. DAVIES et al.

(Supreme Court, Special Term, New York County.  April, 1908.)

1. WILLS—CONSTRUCTION—"CHILDREN."

The word "children," as used in a will, means descendants in the first degree, and does not include grandchildren, in the absence of satisfactory evidence that such was the intent of the testator.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1081.

For other definitions, see Words and Phrases, vol. 2, pp. 1115–1140; vol. 8, p. 7601.]

2. SAME—BENEFICIARIES.

Testator, who was survived by a widow and six children, directed that the residuary estate should be held in trust for the widow, and on her death that it should be divided into as many shares, "as nearly as may be, as I may have children living at the time of the decease of my said wife."  He further provided that, if any of the children should die without lawful issue, the shares set apart to them were to be divided among testator's children "then surviving."  All of the children survived the widow.  *Held*, that the share of a son of testator, who died without issue after the death of a brother and sister leaving issue, goes to the surviving children, to the exclusion of the grandchildren.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1081.]

Action by William G. Davies and Julia T. Davies, trustees, against William Gilbert Davies and others to construe a will.  Judgment rendered.

Davies, Stone & Auerbach, for plaintiffs.

Fernando G. Echeverria, for defendants Henry E. and Louisa V. K. Davies.

Simpson, Thatcher & Bartlett, for defendant Samuel Swift.

Baldwin & White, for defendant Martha Swift Hollister.

James C. Kellogg, guardian ad litem of infant defendants Davies.

O'GORMAN, J.  Henry E. Davies, the testator, died on the 17th day of December, 1881, and was survived by his widow and six children.  By his will he provided that his residuary estate was to be held in trust for his widow during her life; that upon her death the same was to be divided into as many shares "as nearly equal as may be as I may have children living at the time of the decease of my said wife"; that the income of each share was to be paid quarterly to the child for whom it might be set apart during life, "and upon the decease of either of said children leaving issue, then to transfer and convey the share of such child so dying to such issue, and I do give and bequeath the same to such issue, to his, her, and their heirs, forever.  In case either of my said children shall die leaving no issue, then I give and bequeath the share set apart to any child so dying to my children then surviving, to be divided between them, share and share alike."  Testa-

tor's six children survived. the testator's widow, and the residuary estate was divided into six shares, one for each of his children. Testator's eldest son, Henry E. Davies, Jr., died on September 6, 1894, leaving him surviving one child. Lucy D. Swift, a daughter of the testator, died on February 4, 1897, leaving her surviving two children. Francis H. Davies, a son of testator, died on February 27, 1906, without issue. The question is now raised as to the disposition to be made of the share held in trust for him. It is claimed by the three surviving children of the testator, while the issue of the two deceased children of testator assert a right to share therein. It will be noted that the will expressly declares that:

"In case either of my said children should die leaving no issue, then I give and bequeath the share set apart to any child so dying to my children then surviving, to be divided between them, share and share alike."

The expression "then surviving" indicates the gift was intended to take effect in favor of a class of persons, the number of which might be reduced by death. The word "children" in its primary significance means descendants in the first degree, and can receive no other construction, in the absence of satisfactory evidence that the testator intended it to include grandchildren. Palmer v. Horn, 84 N. Y. 516; Mullarky v. Sullivan, 136 N. Y. 227, 32 N. E. 762. No such intention is apparent in the testator's will. The testator plainly and unequivocally declares that "in the event of one of my children dying without issue the share of the child so dying shall go to 'my children' then surviving, share and share alike." More precise language could not be employed to effectuate the apparent intention. There is no doubt or ambiguity present, and all rules of testamentary construction must yield to the fundamental principle that the intention, when clearly expressed, shall prevail. I entertain no doubt that the testator, in the use of the expression "in case either of my said children should die," had no intention to embrace grandchildren, or to give to the words "my children" any other than their primary and ordinary meaning or significance. The testator was an experienced lawyer, and was familiar with technical terms. Throughout the will he frequently used the words "children" and "issue". in contradiction to each other, and to hold that, when this testator used the expression "my children," he meant to include grandchildren, is to defeat his testamentary purpose explicitly declared.

This conclusion is not inconsistent with the expression of the testator's desire to make the division of his estate equal as nearly as in his judgment was proper. This expression refers to the original division into equal shares for the purpose of being held in trust, and not to the ultimate disposition of each of the parts upon the death of the first beneficiary without issue. We are not to inquire into the reasons that moved the testator, but he may have deemed the provision made in the primary division of his estate ample for his grandchildren, who, in each instance, take the original share set apart for the enjoyment of their parents during life, and that, therefore, he may well have preferred that in the event of one of his children dying without issue the share of such child should go to such of his children as might be alive when that event occurred. Whatever the motive, how-

ever, there is no ambiguity in the language, and nothing to indicate that when the testator said "my children" he intended to embrace his grandchildren. They must, therefore, be excluded from participation in the share of Francis H. Davies.

Judgment accordingly.