[Civ. No. 4631. Third Appellate District.—January 30, 1933.]

In the Matter of the Estate of NELLIE HARDING VIZE-LICH, Deceased. PENELOPE J. BRUCE ALLEN et al., Appellants; MRS. KATE MORRILL et al., Respondents.

S. Laz Lansburgh and S. Joseph Theisen for Appellants.

Clark, Nichols & Eltse, R. C. Minor, C. Victor Smith, Harvey S. Craig and McNoble, Parkinson & Coblentz for Respondents.

PULLEN, P. J.—This is an appeal from a decree of distribution by Penelope J. Bruce Allen and Annie Elizabeth Bruce, the only children of Amelia Bruce, a deceased daughter of Nellie Harding Vizelich, deceased, and involves the construction of the will of Nellie Harding Vizelich, who died February 1, 1918, leaving surviving her six sons and daughters, to wit: Mrs. Amelia Bruce, Mrs. Kate Morrill, Nellie Vizelich, Nicholas James Vizelich, Stanley Vizelich and Henry Vizelich and five grandchildren.

Nicholas Vizelich died on March 18, 1920, leaving his wife surviving, who has since remarried and is now known as Jennie Vizelich Marr.

Mrs. Amelia Bruce died October 30, 1926, leaving her daughters, Penelope J. Bruce Allen and Annie Elizabeth Bruce, who are the appellants herein.

Stanley Vizelich died March 8, 1927, leaving a wife, Anita Vizelich, surviving.

Nellie Harding Vizelich at the time of her death also left surviving Fred Vizelich Bartlett, being a son of a deceased daughter, Mrs. Bessie Bartlett, and also two granddaughters, the children of a deceased son, Stephen Vizelich, to wit: Bernice I. Vizelich and Lloyd Carlton Vizelich, as well as the appellants herein, daughters of Amelia Bruce.

Those portions of the will material to a consideration of the questions here presented are:

"*Secondly:* I direct that all the real property of which I may die seized or possessed be retained in the hands of my executor or executrix hereinafter named until such time as my children who are hereinafter named as my legatees and devisees shall agree that it will be to the best interest of all of them that said real property be sold. When such sale is agreed upon by my said sons and daughters, I direct that said property be sold, and that from the proceeds

thereof, after the payment of all debts, charges and expenses of administration, remaining unpaid, my said executor and executrix shall pay the following special legacies: . . . After the payment of said special legacies, I direct that the remainder of the proceeds, together with all other property, whether real, personal or mixed, of which I may die seized or possessed, be divided equally, share and share alike, among my sons and daughters, to-wit: Mrs. Amelia Bruce of Oakland, California; Mrs. Kate Morrill, of Berkeley, California; Nellie Vizelich, Nicholas James Vizelich, Stanley Vizelich, and Henry Vizelich, of Stockton, California.

"*Thirdly:* In the event of the sale by me in my lifetime of my real property, then the proceeds thereof remaining at the time of my death, or any other property of which I may die seized or possessed, shall be applied to the payment of the legacies herein directed to be paid, and the residue of my estate, of every kind and nature, divided equally, share and share alike, among my sons and daughters hereinabove named.

"*Fourthly:* After my death and before the sale of the real property of my estate as aforesaid, I direct that the income of said property shall be regularly collected by my said executor and executrix, and that every six months the net profits thereof be equally divided between my said sons and daughters.

"*Fifthly:* I further direct that in the case of the death without issue of any of my said sons and daughters and grandchildren herein mentioned, their share and shares herein devised and bequeathed shall go to my surviving children, that is to say, my sons and daughters herein named, share and share alike."

This will was admitted to probate on February 25, 1918, and letters testamentary issued to Nellie Vizelich and Nicholas Vizelich. On July 8, 1929, pursuant to the provisions of the second paragraph of the will, the executrix sold the real property and reported the sale for confirmation, which was in due time confirmed, and on June 2, 1930, the final decree of distribution from which this appeal was taken was signed and filed.

The decree of distribution set over to the three then surviving children, namely, Mrs. Kate Morrill, Nellie Vizelich and Henry Vizelich, all of the household furniture and

twelve-fifteenths of the cash and other residue of the estate, and unto these appellants jointly three-fifteenths of the cash and no portion of the furniture.

The effect of this decree was to distribute to the two appellants the share of the proceeds from the sale of the real property which was left to Amelia Bruce, their mother, and also one-fifth of the share of Nicholas Vizelich, who had predeceased Amelia Bruce, but it did not distribute to appellants any part of the share left to Stanley Vizelich, who died without issue some six months after Amelia Bruce. It is claimed that this latter omission was error and upon the determination of that question the principal issue here depends.

Appellants also contend that all bequests by testatrix were made subject to defeasance upon death, at any time, without issue, and that the decree of distribution should have so provided.

Our decision must depend largely upon the construction to be placed upon the words in the fifth paragraph of the will "in case of death without issue".

"The question to what period survivorship is to relate must depend rather upon the apparent intention of the testator in each case rather than upon any rigid rule, or any technical words. And this intention is to be collected either from the particular disposition or the general context of the will." (*In re Winter*, 114 Cal. 186 [45 Pac. 1063, 1064].)

First, as to the time to which "death without issue" relates; does it refer to a time prior to the death of the testatrix, or did she have in mind a period subsequent to her death? And if subsequent, was it to extend to a period beyond the date of possession? Such words in a will as we have before us are not to be construed by any one section or paragraph but the instrument must be read as a whole. First, then, we observe it was not the giving of such property as passed into immediate use or possession. The will does not contain any express devise of real property, nor does it provide for an unconditional sale of real property or the immediate disposition of the proceeds. It plainly appears that the decedent had in contemplation various steps to take place after her death before there would be any vesting or possession, either conditional or absolute. The will

devised not the real property but provided in paragraph two that the real property should be sold *when* the six children named in the will should agree; it then provided *"after* the payment of said special legacies", etc. The will also provided the income from the real property should be regularly collected and every six months the net proceeds should be divided, all implying an interval of time from which it can be inferred that the words, "death without issue", related to a period subsequent to the death of the testatrix. That being true, at what point subsequent to her death did she intend that title would vest?

Appellants claim that "death without issue" meant death at any time, or in other words, failure of issue at the time of death of the children referred to in the will, and urge that such provision should have been carried into the decree of distribution. Respondents, on the other hand, argue that the contingency "death without issue" applies only until the date of final decree and thereupon the estate should vest absolutely. This appears to us a more reasonable construction.

If the position of appellants be sound, all the cash finally distributed to the children and grandchildren of decedent would be virtually tied up in trust for a period which might not terminate for many years. As said in *Estate of Newman,* 68 Cal. App. 420 [229 Pac. 898, 900] : "The law favors vesting of interest and every interest will be presumed to be vested unless contrary intention clearly is manifest."

We do not believe that the testatrix ever intended that the cash which her children and grandchildren would receive on final distribution should be tied up indefinitely by being made subject to a defeasance clause. It is more reasonable to suppose that she was providing for contingencies which might arise prior to the final distribution of her estate.

Let us now consider the defeated interest of Stanley, who died without issue after Amelia but prior to the decree. If we are correct in holding that "death without issue" referred to a period subsequent to the death of the testator, that is, upon the entry of the final decree, then nothing had vested in him and he had no vested interest in the estate. Where did it go?

The fifth paragraph provides that "in case of the death without issue of any of my said sons and daughters and grandchildren herein mentioned their share or shares herein devised and bequeathed shall go *to my surviving children, that is to say, my sons and daughters herein named,* share and share alike".

■ "The word 'children' in its primary significance means descendants in the first degree, and can receive no other construction, in the absence of satisfactory evidence that the testator intended it to include grandchildren. (*Palmer* v. *Horn,* 84 N. Y. 516; *Mullarky* v. *Sullivan,* 136 N. Y. 227 [32 N. E. 762].) No such intention is apparent in the testator's will. The testator plainly and unequivocally declares that 'in the event of one of my children dying without issue the share of the child so dying shall go to "my children" then surviving, share and share alike'. More precise language could not be employed to effectuate the apparent intention. There is no doubt or ambiguity present, and all rules of testamentary construction must yield to the fundamental principle that the intention, when clearly expressed, shall prevail. I entertain no doubt that the testator, in the use of the expression 'in case either of my said children should die', had no intention to embrace grandchildren, or to give to the words 'my children' any other than their primary and ordinary meaning or significance." (*Davies* v. *Davies,* 59 Misc. Rep. 104 [112 N. Y. Supp. 157].)

Counsel for respondents call our attention to the case of *Swole* v. *Burnham,* 111 Conn. 120 [149 Atl. 229], which construes a will similar to the instrument before us. It reads in part as follows:

"'3rd. If either of my said nieces shall, before such division, have died leaving lawful issue, such issue to receive the parent's share; but if there be no issue then such share is to be divided among the surviving nieces. . . . The share of each of the three nieces was intended to be one-third. If any one of the three were to die before division and without issue, the will provides specifically that that shall go to the survivors of the nieces, 'if there be no issue then such share to be divided among the surviving nieces'. It does not provide that it shall go to the issue of any of them and,

therefore, to give any portion of the share of Eliza to this son of Ida—a nephew of the deceased niece—would be to do what the will does not authorize. Moreover, the share fixed by the will being one-third, we think that is the 'parent's share' to which her issue is entitled, and that to make the intent of the testatrix effective, Grace L. Kesey Swole must receive two-thirds and Merill K. Platt one-third of the *residuum*."

It is evident that Mrs. Vizelich, the testatrix herein, desired the share of any of her children or grandchildren who might die without issue, to go to her surviving children, and as a precaution against uncertainty in that classification she added, "that is to say, to my sons and daughters herein named".

An estate by implication is not favored in law and unless it is necessary to carry out the intention of the testator and prevent the will from failure, courts will not imply a devise.

In *Estate of Franck*, 190 Cal. 28, at page 32 [210 Pac. 417, 418], our Supreme Court said that no gift by implication shall be read into a will unless the contrary is unavoidable. It states:

"It is equally well settled that a devise or bequest may arise by implication. To warrant the court in so declaring there must be something more than conjecture. The probability of an intention to make the gift implied must appear to be so strong that an intention contrary to that imputed to the testator cannot be supposed to have existed in his mind. (*Bishop* v. *McClelland*, 44 N. J. Eq. 450, 452 [16 Atl. 11, 1 L. R. A. 551]; *Estate of Blake*, 157 Cal. 448, 468 [108 Pac. 287].)"

"In order to carry out the intention of a testator and prevent the will from failing of effect, a devise or bequest may be implied, although it has not been formally expressed in the will, unless the implication violates public policy or some settled rule of positive law. The presumption, however, is very strong against the testator having intended any devise or bequest not set forth in his will; and in order that the devise or bequest may be effectual the implication must be a necessary one, that is, the probability

of an intention to make the devise or bequest implied must appear from the will to be so strong that a contrary intention cannot reasonably be supposed to have existed in the testator's mind. Such an implication cannot rest on mere conjecture, although it is not required that the implication be absolutely irresistible.'' (40 Cyc. 1390.)

''To create a bequest in that way, the implication on which it is founded must be a necessary one; not natural necessity, but so strong a probability of an intention to give must appear, that an intention contrary to that which is imputed to the testator, cannot be supposed to have existed in his mind. A construction in favor of a bequest by implication, should never be adopted except in cases where, after a careful and full consideration of the whole will, the mind of the judge is convinced that the testator intended to make a bequest. (*McCoury's Exrs.* v. *Leek,* 1 McCart. 70 [14 N. J. Eq.]; *Holton* ads. *White,* 3 Zab. [23 N. J. L.] 330.)'' (*Denise's Exrs.* v. *Denise,* 37 N. J. Eq. 163, at p. 170.)

The will of Nellie Harding Vizelich evidences a purpose to retain the fruits of her labor and thrift within her immediate family and she clearly and explicitly restricted the benefits therein to her surviving children, viz., her sons and daughter named.

We are therefore of the opinion that upon the death of Stanley, the share to which he, if living, would have been entitled at the entry of the decree was defeated and vested absolutely in his then surviving sisters, Mrs. Kate Morrill and Nellie Vizelich, and his brother, Henry Vizelich.

Respondents Jennie Elizabeth Marr, as executrix of the will of Nicholas Vizelich, deceased, and Anita Vizelich, as administratrix of the estate of Stanley Vizelich, have filed separate briefs herein. Under the decree no part of the estate went to either of them. This contest is between other parties to succeed to the estate, and the appeal is taken from that portion of the decree of final distribution which affects only such parties and does not affect these respondents. They therefore have no interest in this appeal.

The decree of distribution appealed from is affirmed, except as to that portion relating to certain furniture, and as to that portion of the decree appellants are entitled to

a one-fourth of the appraised value thereof, and as so modified the decree is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 30, 1933.