[Civ. No. 31157.   Second Dist., Div. One.   Apr. 6, 1967.]

Estate of ELVA DEE BAILESS, Deceased. HOWARD K. BURDICK, as Administrator, With the Will Annexed, etc., Petitioner and Respondent, v. THE FIRST CHURCH OF CHRIST, SCIENTIST, IN BOSTON, MASSACHUSETTS et al., Claimants and Appellants; JAMES R. DUNN et al., Claimants and Respondents.

Lindstrom, Robison, Lovell & King, Jack R. Lovell and William T. King for Claimants and Appellants.

Oscar M. Monk and Orloff & Wilner for Claimants and Respondents.

No appearance for Petitioner and Respondent.

WOOD, P. J.—Howard K. Burdick, Administrator With the Will Annexed of the estate of Elva Dee Bailess, deceased filed a petition to determine heirship. The First Church of Christ, Scientist, in Boston, Massachusetts, and the Ninth Church of Christ, Scientist, Los Angeles, California, filed a claim of interest alleging that said churches were the residuary beneficiaries under the will of the deceased. James R. Dunn and Flora S. Houghton filed statements of interest alleging that they, as first cousins of decedent, had an interest in the estate. The court, having found that there was no residuary clause and that decedent died intestate as to the residue, ordered that the residue be distributed to the cousins James R. Dunn and Flora S. Houghton. The churches appeal from the portion of the judgment which distributes the residue. (The churches do not appeal from the portion of the judgment which distributes the specific legacies to several named beneficiaries, or from the portion thereof which determines that James and Flora are the decedent's heirs at law.[1])

Appellants contend that the court erred in determining that they were not residuary beneficiaries under the will.

Three purported wills (holographic) of the decedent were offered for probate. The holographic will which was admitted to probate is as follows:

"Los Angeles, California
February 21st, 1957
Last Will and Testament of Elva Dee Bailess.
Be it remembered that, I, Elva Dee Bailess,
of Los Angeles, California, being of adult age,
and of a sound mind, memory and
understanding and not acting under

---

[1]Approximately 23 other persons appeared in the heirship proceedings, but none of those persons has appeared on appeal, and, pursuant to appellants' request, the appeal has been dismissed as to those persons.

duress, menace or undue influence of any
person whomsoever, do make and publish
this my last will and testament, hereby
revoking and making void all former
wills by me at any time heretofore made.

*First*: I direct that all my just debts
and funeral expenses shall be paid as
soon after my decease as practicable
out of moneys belonging to my estate

*Secondly*: I direct that the sum of 3000.
be paid to Howard K. Burdick
of 5308 Arlington Ave., Los Angeles, California.

I direct that the sum of 5000.00
be paid to my dearly beloved friend
Mrs. Margaret Bane Johnson, 3620 West First
Street, Los Angeles, Calif.

I direct that the sum of $500 be paid to
Miss Grace M. Nicholson, 418 North View Street
Aurora, Illinois.

I direct that the sum of $2000 be paid
to Mrs. Blanche Ball of 7137 Tamworth Street
San Gabriel.

I direct that the sum of $500.00 Dollars
be paid to Mrs. Jennie Barrett, 1228½ West
4th Street, Los Angeles, California.

I direct that the sum of $250.00 Dollars
be paid to Mrs. Kathryn Wambacker Prebyl
of 238½ South Kenmore, Los Angeles, California.

~~I direct that the sum of $250.00 Dollars
be paid to Mrs. Byrd Platt, 4657 Melbourne
Avenue, Los Angeles, California.~~ Deceased

I direct that the sum of 250.00 Dollars
deceased
be paid to Mrs. Edna Perry Williams  11-1-1967
~~333 South Manhattan Place, Los Angeles,~~ California

I direct that the sum of          Dollars
be paid to Mrs. Elva May Sherff of ~~2022
Las Lunas, Pasadena,~~ California.

Home and furnishings be sold at
current prices and money so received
after bills and gifts mentioned above
be given ⅔, two thirds, to The Mother
Church, of Christ Scientist, in Boston,
Massachusetts for lectures broadcast

over Radio or Television and ⅓, one third,
to 9th Church of Christ Scientist for
broadcasting lectures

Stocks to be sold thro Mr. N. R. Robinson
with William R. Staats & Co. 640 So. Spring Street
Los Angeles, California.

Funeral arrangements are taken care
of and paid for under an agreement
with Forest Lawn Memorial Park Association,
Inc.

The interment space for the ashes was
bought and paid for in March    1946.

The foregoing Instrument, consisting of
three pages, is at the date hereof, by the
said testator, Elva Dee Bailess signed

                              Elva Dee Bailess

Feb. 21st, 1957
Aug 1st, 1957.''

The two purported wills which were not admitted to probate are dated February 21, 1957. (As above shown, the will admitted to probate is dated February 21, 1957, and August 1, 1957.) The two purported wills include provisions similar to the provisions of the admitted will, except that one of the purported wills does not refer to the shares of stock, and the other one provides (in last paragraph) that: ''Shares of stock to be sold and money used as directed above.''

The assets of the estate, as shown by the inventory and appraisement, are approximately as follows: cash, $6,000; stock, $27,000; real property (home), $29,500; furniture, $200; jewelry, $1,000.

There is no reporter's transcript in the record on appeal.

Some of the findings were in substance as follows: The persons (Ball, Burdick, Johnson, Nicholson, Barrett, Prebyl, and Sherff) named in the will to receive cash legacies have an interest in the estate as legatees in the sums designated in the will. (Total of such legacies: $11,300.) The words ''Mother Church'' on page 2 of the will refer to The First Church of Christ, Scientist, in Boston, Massachusetts. James R. Dunn and Flora Dunn Houghton are first cousins of the testatrix and her only surviving heirs at law. The decedent intended by the next-to-last paragraph on page 2 of her will, beginning with words ''Home and furnishings,'' merely to earmark the proceeds of the sale of specifically described assets for distribution to the named churches. Said next-to-last paragraph

on page 2 of her will was not intended by decedent as a residuary clause. From the proceeds of the sale of the home and furnishings, the bills and gifts (legacies mentioned above) shall be paid, and the balance of the proceeds shall be distributed two-thirds to The First Church and one-third to the Ninth Church. The words "bills . . . mentioned above" in the next-to-last paragraph on page 2 of the will were intended by the decedent to refer to her funeral expenses, all of her debts and obligations evidenced by approved creditors' claims, and necessary expenses maintaining said home until it was sold. Said words ("bills . . .") were not intended by the decedent to refer to the expenses of administration or to any inheritance or estate taxes. As to the property not specifically disposed of in the will, the decedent died intestate.

Appellants (churches) contend that the court erred in determining that they were not residuary beneficiaries under the will. They assert that the next-to-last paragraph on page 2 of the will is as a matter of law a residuary clause, and that the churches should receive the residue of the estate in the proportions specified in that clause (⅔ to Mother [First] Church, and ⅓ to Ninth Church).

Appellants assert that the fact that a will was made raises a presumption that the testatrix intended to dispose of all of her property and did not intend intestacy as to the residue (citing *Estate of Beldon,* 11 Cal.2d 108, 111 [77 P.2d 1052]; *Estate of Stephenson,* 235 Cal.App.2d 326, 329 [45 Cal.Rptr. 121]). They assert further that any reasonable construction of a will that avoids a partial intestacy is favored (citing *Estate of Olsen,* 9 Cal.App.2d 374, 379 [50 P.2d 70]).

Respondents reply to appellants' assertions by quoting other language from *Estate of Beldon, supra,* page 112, as follows: "To say that because a will does not dispose of all of the testator's property it is ambiguous and must be construed so as to prevent intestacy, either total or partial, is to use a rule of construction as the reason for construction. But a will is never open to construction merely because it does not dispose of all of the testator's property. 'Courts are not permitted in order to avoid a conclusion of intestacy to adopt a construction based on conjecture as to what the testator may have intended although not expressed.'" Respondents also assert that to construe the next-to-last paragraph on page 2 of the will as a residuary clause would be to create an "estate by implication," and that such an estate is not "favored in

law'' (citing *Estate of Vizelich,* 129 Cal.App. 347 [18 P.2d 773]).

In the present case, the will provides, under the heading *"First,"* that all of the decedent's "just debts and funeral expenses" shall be paid from "moneys belonging" to her estate. Under the heading *"Secondly,"* the will makes provision for several cash legacies. Immediately following those provisions for said legacies, and under the same heading, the will provides (next-to-last paragraph on page 2) that the home and furnishings shall be sold "and money so received after bills and gifts mentioned above be given" ⅔ to The Mother (First) Church and ⅓ to the Ninth Church for broadcasting lectures. That paragraph is followed by a paragraph stating that the stocks are to be sold through a designated broker. There is no provision with reference to the disposition to be made of proceeds from the sale of the stock, and there is no provision with reference to the residue of the estate or to the disposition of such residue.

Appellant asserts, however, that the word "money," in the paragraph which provides that the home and furnishings shall be sold "and money so received after bills and gifts mentioned above be given . . . , " is a substitute for the word "residue," and that said paragraph should therefore be construed as a residuary clause whereby the residue of the estate, after paying the gifts, debts and expenses of administration, should be distributed ⅔ to The First Church and ⅓ to the Ninth Church. Said paragraph, which follows a sequence of paragraphs whereby the testatrix gave specific legacies, provides that the home and furnishings be sold and that the money *so received* from that sale be given, after payment of the gifts and debts mentioned above, ⅔ to The First Church and ⅓ to the Ninth Church. The import of such language is that only the proceeds from the sale of the home and furnishings (after payment of debts and gifts) shall go to the churches. There is no language to the effect that all money or assets (cash or proceeds from sale of stock) shall go to the churches. Immediately following the paragraph disposing of the home and furnishings there is a paragraph which directs that the shares of stock be sold through a broker in Los Angeles. Said paragraph (re sale of stock) makes no reference to disposition of the proceeds from the sale of stock, and no further disposition is made in the will—the only language subsequent to or following that paragraph (re sale of stock) relates to funeral arrangements and to the execution of the

will.  As said in *Estate of Beldon, supra,* page 112: "A court's inquiry in construing a will is limited to ascertaining what the testator meant by the language which was used. If he used language which results in intestacy, and there can be no doubt about the meaning of the language which was used, the court must hold that intestacy was intended. ▮ A testator has the right to make a will which does not dispose of all of his property but leaves a residue to pass to his heirs under the law of succession. Such a will is not the usual one but when the language which leads to that result is clear the will must be given effect accordingly." ▮ The court did not err in determining that as to the residue, or property not specifically disposed of in the will, the decedent died intestate; that the residue should be distributed to the heirs at law of decedent; and that the churches were not residuary beneficiaries under the will.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.