[S. F. No. 10040. In Bank.—October 30, 1922.]

In the Matter of the Estate of ELLA HUBBARD FRANCK, Deceased. AL. J. FRANCK, Executor etc., Appellant, v. MARY RAY SPENCER, a Minor, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS—WILLS—DEVISE—WORDS.—Particular words are not requisite to create a legacy or devise, but it is only essential that the intention of the testator to make the gift be shown.

[2] ID.—CONSTRUCTION OF WILLS—INTENTION OF TESTATOR.—The cardinal rule for the construction of wills is to ascertain the intention of the testator, and this is determined from the words of the will, considering the circumstances under which it was made, if there is any uncertainty in its language.

[3] ID.—MATTERS TO BE CONSIDERED.—The will and its entire scheme, the property disposed of, the persons named as devisees and legatees, the words and the context should be considered together, and words used in the will should be construed according to their surroundings.

[4] ID.—DEVISE BY IMPLICATION.—A devise or bequest may arise by implication, but to warrant the court in so declaring there must be something more than conjecture and the probability of an intention to make the gift implied must appear to be so strong that an intention contrary to that imputed to the testator cannot be supposed to have existed in his mind.

[5] ID.—UNQUALIFIED GIFT OF RENTS—GIFT OF PROPERTY.—The unqualified gift of the rents, issues and profits of a fund or property, real or personal, amounts to a gift of the fund or property itself.

---

1. When an instrument executed with the formalities of a will, but not couched in the phraseology, may be admitted to probate or otherwise given effect as a will, note, 41 L. R. A. (N. S.) 39.

4. Implied devise or bequest from recital in will, notes, **Ann. Cas.** 1917D, 431; **L. R. A.** 1917A, 1213.

[6] ID.—GIFT OF PERSONAL PROPERTY—CONSTRUCTION OF WILL.—Under
a will giving to a legatee "all the net profits or net income that
may be derived from those certain premises" described upon a
certain map, and directing the executor from the moneys so derived
to pay for the care, custody and proper education of the legatee
until she shall have reached the age of twenty years and to pay
her the income remaining when of such age, and further provid-
ing that when she shall have reached the age of thirty-five years
"the said above-described real property is hereby bequeathed to
her as her property," a gift was made of not only the real prop-
erty, but also of the personal property contained in the apart-
ment house situated upon the real property, in view of the circum-
stances under which the will was made.

APPEAL from an order of partial distribution of the
Superior Court of Contra Costa County. R. H. Latimer,
Judge. Affirmed.

The facts are stated in the opinion of the court.

M. B. Moore and Tobin & Tobin for Appellant.

Ralph H. Wight and Sullivan & Sullivan and Theo. J.
Roche for Respondent.

WASTE, J.—This is an appeal from an order of partial
distribution. Ella Hubbard Franck died testate on the 20th
of February, 1917, being at the time of her death a
resident of Reno, Nevada. She left an estate in California,
a considerable portion of which was in the city of Richmond,
and her will was duly admitted to probate in the superior
court in and for Contra Costa county. Letters testamentary
were issued to the appellant, who was named in the will as
executor and also as the residuary legatee and devisee.

The portions of the will germane to this appeal are as
follows:

"Fifthly: I give and bequeath to Mary Ray Spencer,
aged about thirteen years, now an inmate of Notre Dame
Academy, Alameda, California, all the net profits or net
income that may be derived from those certain premises
situate, lying and being in the City of Richmond, State of
California, and particularly described upon that certain map
entitled 'Nicholl Macdonald Avenue Civic Center, Richmond
California,' said bequest being controlled by the following

conditions, to wit: That my executor hereinafter named keep an accurate account of the net profits or net income from said above described premises, and from the moneys so derived pay for the care, custody and proper education of the said Mary Ray Spencer until she shall have reached the age of twenty years, and when she shall have reached the said age of twenty years then whatever of said moneys there may be remaining in the hands of said executor shall be paid and turned over to the said Mary Ray Spencer. I further direct that when the said Mary Ray Spencer shall have reached the age of thirty-five years the said above described real property is hereby bequeathed to her as her property.

"Fourteenthly: I give and bequeath to the aforesaid Mary Ray Spencer all my cut glassware, china dishes, crockery and jewelry.

"Fifteenthly: I give and devise all the rest, residue and remainder of any real or personal property, of every name, nature and kind whatsoever owned by me, at the time of my death, to my most trusted friend Al. J. Franck, of the city of Reno, County of Washoe, State of Nevada."

Mary Ray Spencer, through her guardian, applied to the court for distribution to her of the property to which she was entitled under the will. Appellant, as executor, filed an objection to the petition. At the hearing it was established by competent evidence that the real property devised by the fifth paragraph of the will to Mary Ray Spencer was improved; that the building erected thereon was known as the "Raymond Apartments" and that said apartments were "rented furnished, and that the furniture, fixtures and other personal property situated therein had at all times been used as a part of the apartments." By its decree the court ordered distributed to Mary Ray Spencer all the net profits or net income that might be derived from "those certain premises situate in the city of Richmond," the description being the same as in the will, and, "also all the personal property, furnishings and fixtures contained in or about the building situated thereon and which building is known as 'Raymond Apartments.'" It was further ordered that possession of the personal property and the residue from the rents and income due therefrom be given to appellant until Mary Ray Spencer shall attain the age of twenty

years, namely, August 20, 1922, and upon the trust that he manage, control, maintain, rent and keep the premises in good repair, collect the rents, keep an accurate account of receipts and disbursements, and pay Mary Ray Spencer such sum monthly as might be necessary and proper for her support, maintenance, care and education until she should reach the age of twenty years, which sum was fixed by the court at a minimum of one hundred dollars, and upon her attaining the age of twenty years to pay over to her whatever money remained in his hands or should be chargeable to him from such rents and income, and to surrender possession of the personal property to her.

The appellant appeals from the decree of distribution, but objects only to that portion distributing the personal property in the apartment house to Mary Ray Spencer and ordering that its possession be surrendered to her upon her attaining the age of twenty years. He contends that, under the provisions of the will, no disposition was made of the personal property comprising the furniture and equipment of the apartment house, and that, under the residuary clause of the will, that property vested in him upon the death of the testatrix.

[1] Particular words are not requisite to create a legacy or devise. It is essential that the intention of the testator to make the gift be shown. (*Estate of Barclay,* 152 Cal. 753, 757 [93 Pac. 1012].) [2] The cardinal rule for the construction of wills is to ascertain the intention of the testator, and this is determined from the words of the will, considering the circumstances under which it was made, if there is any uncertainty in its language. (*Estate of Budd,* 166 Cal. 286, 292 [135 Pac. 1131]; *Estate of Henderson,* 161 Cal. 353, 357 [119 Pac. 496]; *Estate of Mitchell,* 160 Cal. 618 [117 Pac. 774]; *Estate of Carothers,* 161 Cal. 588 [119 Pac. 926]; *Estate of Spreckels,* 162 Cal. 559 [123 Pac. 371].) [3] The will and its entire scheme, the property disposed of, the persons named as devisees and legatees, the words and the context should be considered together, and words used in the will should be construed according to their surroundings. (*Estate of Koch,* 8 Cal. App. 90 [96 Pac. 100].) [4] It is equally well settled that a devise or bequest may arise by implication. To warrant the court in so declaring there must be something more than conjecture.

The probability of an intention to make the gift implied must appear to be so strong that an intention contrary to that imputed to the testator cannot be supposed to have existed in his mind. (*Bishop* v. *McClelland,* 44 N. J. Eq. 450, 452 [1 L. R. A. 551, 16 Atl. 1]; *Estate of Blake,* 157 Cal. 448, 468 [108 Pac. 287].) **[5]** It is also equally well settled that the unqualified gift of the rents, issues and profits of a fund or property, real or personal, amounts to a gift of the fund or property itself. (1 Schouler on Wills [5th ed.], secs. 507, 610; Page on Wills, sec. 491; *Jennings* v. *Conboy,* 73 N. Y. 230, 236; *In re Sproul's Appeal,* 105 Pa. St. 438, 441; *Gulick* v. *Gulick's Executors,* 27 N. J. Eq. 498, 500.)

**[6]** Appellant contends that the rule last stated should not apply to the present case. He argues that "it is far from true that a devise of the rents and profits of real property will carry title to the personal property contained in or about said devised real property." In making this contention the appellant does not appreciate the full effect of the fifth clause of the will. Not only does the testator thereby devise the real property to Mary Ray Spencer, but she also gives to her the net profits, or net income (the words are there used in the same sense), that may be derived from "those certain premises," of which the real property was but a part. If it be claimed that the word "premises" should be held to only apply to the real property devised, it sufficiently appears from the will, the circumstances under which it was made, the persons named as devisees and legatees, and the property itself, that Mrs. Franck intended to make no subtle distinction between the realty and the personalty, which, by unity of use, comprised the apartment house premises. She was providing for the education and support of one to whom, if we may judge by the identity of names used in the will, she was closely related, and for whom the provisions of her last testament indicate she had more than ordinary affection. It seems clear that she intended the object of her benefaction to have sufficient funds to insure her education, and to provide for her maintenance until she arrived at an age of discretion, at which time the *corpus* of the fund should become hers absolutely. The testator may have attempted to define the day when the devisee shall fully enjoy possession of the real property, but we are

not now concerned with that phase of the situation. It is hardly to be thought that she intended to segregate realty from personalty in making the gift. She made no specific disposition of the personal property, comprising the furniture and equipment of the Raymond Apartment House, nor bequest over in the event of Mary Ray Spencer's death. Her's was an absolute gift of the income arising in part from personal property, and, in so far as the personalty was concerned, making no direct mention of the principal. It amounted to a general gift of the personalty itself. (*Hatch v. Bassett,* 52 N. Y. 359, 362.) The fact that there is a general residuary clause in the will in favor of appellant does not militate against this construction. (*Sproul's Appeal, supra.*)

The order appealed from is affirmed.

Richards, J., *pro tem.,* Lennon, J., Lawlor, J., Wilbur, J., and Shaw, C. J., concurred.