[Civ. No. 10654. Second Appellate District, Division One.—December 2, 1935.]

In the Matter of the Estate of EDWIN J. KRUCE, Deceased. HARVEY J. CLIPPINGER et al., Appellants, v. TITLE INSURANCE & TRUST CO. et al., Respondents.

A. J. Getz and Glen H. Munkelt for Appellants.

Hervey & Hervey for Respondents.

SHINN, J., *pro tem.*—This is an appeal from a decree settling a trustees' final account and for distribution.

The testator, Edwin J. Kruce, by his will, left a portion of his estate in trust for the immediate benefit of his daughter, Edwina Janet Kruce; the residue of his estate he left to his wife, Lydia C. Kruce. The terms of the trust which we are called upon to interpret read as follows: "(d) If my said daughter, Edwina Janet Kruce, shall die before she attains the age of 41 years, leaving no issue her surviving, and my said wife, Lydia C. Kruce, is then still living, the income from said trust estate, created primarily for the benefit of my said daughter, shall be paid to my said wife, for and during the term of her natural life, and thereupon the moneys,

property and securities then in said trust shall be transferred and paid to her heirs at law, then living, in accordance with the laws of the State of Michigan, then in force, governing the descent and distribution of property of persons dying intestate.''

Lydia C. Kruce predeceased her daughter Janet, and the latter died at the age of 28 years without issue. The trial court so construed the quoted provision of the trust as to exclude appellants, heirs at law of Lydia C. Kruce, from any share in the principal of the trust estate and distributed the same to respondent, executor of the will of Lydia C. Kruce.

■ The theory adopted by the trial court was that the will failed to make specific distribution of the *corpus* of the trust estate, and that the same therefore went to the estate of Lydia C. Kruce, under the residuary provision of the will. This ruling presents the first question for our consideration.

The bequest of the *corpus* of the trust estate to appellants was conditioned upon the death of Janet before attaining the age of 41 years, and without issue, and also upon the death of Lydia C. Kruce. Under a literal reading of the will the bequest of the remainder was also contingent upon Lydia's surviving Janet. The word ''thereupon'' relates to and designates the events in which the remainder was to go to the heirs of Lydia, one of the stated events being that the wife should be living upon termination of the daughter's estate. Appellants ask us to disregard the words ''and my said wife Lydia C. Kruce is then still living'' as surplusage, because without them the will would sufficiently provide for the payment of income to the wife during her lifetime. We would not be justified in doing this. A will should be interpreted so as to give effect to every expression therein unless to do so would interfere with or prevent the obvious wishes of the testator. It clearly appears that the will gave the principal of the trust estate to the heirs of Lydia C. Kruce in the event of her surviving her daughter, and it is equally clear that the testator did not specifically provide for the contingency that she might predecease her daughter, as she in fact did.

■ Appellants, while maintaining that the will should be interpreted as expressly bequeathing the remainder of the trust estate to them, further contend that there was an implied gift of such remainder to them, in the contingency that actually happened, namely Lydia's predeceasing Janet. In

order to sustain such an interpretation the court must be able to read in the entire will a desire of the testator that the principal of the trust should go to appellants in either event. This intention must be so clearly apparent as to convince the court that the testator had no other intention, or that a contrary intent cannot reasonably be supposed. (*Estate of Blake,* 157 Cal. 448 [108 Pac. 287]; *Estate of Franck,* 190 Cal. 28 [210 Pac. 417]; *Symonds* v. *Sherman,* 219 Cal. 249 [26 Pac. (2d) 293]; *Denise* v. *Denise,* 37 N. J. Eq. 163; *Bishop* v. *McClelland,* 44 N. J. Eq. 450 [16 Atl. 1, 1 L. R. A. 551]; *Coale* v. *Smith,* 4 Pa. 376.)

In ascertaining the intentions of the testator the court must consider the will and its entire scheme, the property disposed of, the persons named as devisees and legatees, and the words and context should be considered together and words used in the will should be construed according to their surroundings. (*Estate of Franck, supra.*) When this is done and the wording of the will has been given a liberal interpretation with a view to carrying out the intentions of the testator, we are unable to read into it any expression, or attempt at expression, of a desire that the principal of the trust estate should go to appellants in the event that the daughter's estate should be terminated after the death of the wife. We are not asked to construe an imperfect or incomplete disposition, but to supply one which is not expressed at all, and which, we think, is not necessarily implied. If the testator omitted, as we are satisfied he did, to make a specific disposition of the remainder of the trust estate in the event that has occurred, that omission may not be supplied by the court. This is true whether the omission be the result of design or oversight. Since the will is silent as to any specific disposition of the remainder under the facts presented, we cannot say that it was any more the intention of the testator to leave the property in question to appellants, under the proven circumstances, than it was to have it go to the estate of the deceased wife, as a part of the residue bequeathed to her. The residuary provision is controlling in the absence of a contrary specific disposition.

We conclude, therefore, that inasmuch as Lydia C. Kruce was not living at the time of the termination of the daughter's interest in the trust estate, the principal of that estate has not been bequeathed to appellants, and that the trial

court therefore properly distributed the same to respondent, as executor of the estate of the wife.

■ Appellants advance the further claim that the court erred in charging the trustees' compensation of $750 and attorneys' fees of $100, for services rendered in closing the trust, to the *corpus* of the trust, rather than to the income payable to the estate of the daughter, Janet Kruce Langford. The will provided for the payment of the net income to the daughter after deducting all necessary taxes, costs and expenses, including the compensation of said trustees, the same to be paid in monthly instalments. It is appellants' contention that under this provision of the will the court was bound to charge the expenses in question to income. We do not agree that the will should be given this construction. It is not questioned that in the absence of contrary testamentary directions the ordinary and current expenses of a trust, including the trustees' compensation, should be paid out of income and that extraordinary and unusual charges should be paid from the *corpus* of the estate. (*In re Woods,* 6 Cof. Prob. Dec. 451; *Estate of Dare,* 196 Cal. 29, 42 [235 Pac. 725]; *Estate of Gartenlaub,* 185 Cal. 648, 655 [198 Pac. 209, 16 A. L. R. 520].) We do not think the provisions of the will depart from this rule. The direction of the will would seem to apply to the current compensation and expenses of the trustees and not to anything of an extraordinary nature. The services for which the allowances were made consisted of closing the trust and distributing the property remaining therein after the death of the life tenant. They were performed necessarily for the benefit of the remaindermen and were unrelated to the management of the trust for the benefit of the life estate. They were not such ordinary and current expenses as would have to be deducted from the income periodically in order that the net income might be computed and paid to the life tenant each month as directed by the will. The accumulated income payable to the estate of the daughter amounted to the sum of about $1800; the remainder of the estate distributed to respondent carried a value of $151,000. The matter in dispute was in issue at the trial. The court charged the expenses to the estate capital after taking evidence as to the nature and extent of the services. This evidence was such as to justify the court's order that the expenses in question were not properly chargeable against the

balance of income payable to the estate of Janet Kruce Langford.

The decree settling the final account of the trustee and distributing the estate is affirmed.

Houser, P. J., and York, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 30, 1936.