[L. A. No. 14883. In Bank.—March 17, 1936.]

In the Matter of the Estate of FRANCES B. SWAN, Deceased. FREDERICK HOWARD SWAN et al., as Executors, etc., Appellants, v. BURTON FONTAINE BLOOM et al., Respondents.

Wilton W. Webster for Appellants.

I. R. Rubin, Norman W. Neukom and Neice & Packard for Respondents.

CONREY, J.—Frances B. Swan, a resident of Los Angeles County, died on the 31st day of January, 1933, leaving an estate of large value, and a will bearing date of February 20, 1923, in which provision was made for numerous legacies, including some trusts. The residuary legatee is her son, Frederick Howard Swan. The fourth paragraph of the will reads as follows:

"Fourth: I hereby bequeath to my brother, George C. Bloom, if he be living, at the time of my decease, the sum of Fifteen thousand dollars, ($15,000.00) outright, but if said brother be not living at the time of my decease, then, in that case only, I give to the Pacific Southwest Trust and Savings Bank of Los Angeles, and its successors, the sum of Fifteen thousand dollars ($15,000.00) in Trust, however, for the following purpose, and for no other, viz: To invest and keep invested, said Trust Fund, in first mortgage, or other equally as safe securities, at the best interest safely obtainable, as long as this Trust continues, and to pay the net income received therefrom, with any accrued interest thereon, as long as this Trust shall continue, in semi-annual payments, and in equal

proportion, to Minnie Perkins Bloom (wife of George C. Bloom) and to their two sons, George Thompson Bloom and Burton Fontaine Bloom, until said Burton Fontaine Bloom, shall arrive at the age of forty years (40) and if he shall not live so long, then until George Thompson Bloom shall arrive at the age of forty-five years, and if he shall not live so long, then upon the death of said George Thompson Bloom, said Trust shall terminate, and said Trustee shall pay over to said Minnie Perkins Bloom, if she shall then be living, one third of the entire Trust Fund, of Fifteen thousand dollars ($15,000.00), and the remaining two thirds of said Trust Fund, namely, Ten thousand dollars ($10,000.00) shall be equally divided, between the children of said George Thompson Bloom, and of Burton Fontaine Bloom, if any children survive them, but if no children shall survive said George Thompson Bloom or Burton Fontaine Bloom, then such an one's portion shall revert to my residuary estate.''

Said will having been admitted to probate, the executors on February 19, 1934, filed their first account current, report and petition for partial distribution. Among other things they requested that the court construe and interpret paragraph four of the will. Minnie Perkins Bloom and Burton Fontaine Bloom appeared, and also asked for an interpretation of said paragraph four of the will. Respondent George Thompson Bloom filed no answer. He later appeared in the proceeding, but not until after the trial. After hearing upon the issues presented for decision, the trial court made its findings of fact and conclusions of law, followed by a decree of settlement of the account and partial distribution of the estate. Pursuant to stipulation of the parties agreeing to payment of the sum of $5,000 to Minnie Perkins Bloom as the sum to which she was entitled under the provisions of said fourth paragraph of the will, payment of that sum was directed to be made to her. The court by its decision with reference to the right to the remaining $10,000 mentioned in said fourth paragraph, awarded said sum to respondents Burton Fontaine Bloom and George Thompson Bloom. It is from that provision of the decree that the executors and the residuary legatee Frederick Howard Swan, appeal.

It was stipulated that George C. Bloom, brother of Frances B. Swan, died before the death of said decedent. He was husband of Minnie Perkins Bloom, and respondents are their

two sons. Burton was over 40 years of age and George was over 45 at the time of the death of the decedent. Neither one of respondents has ever had any children. There was at all times a strong bond of affection between decedent and her brother George and the members of his family. The opening brief for appellant states the question on appeal as follows:

"By the fourth paragraph of the will of the deceased, she attempted to establish a trust fund of fifteen thousand dollars ($15,000.00) provided that upon the determination of the trust ten thousand dollars ($10,000.00) thereof should be equally divided between the children of her two nephews, if there were any children of said nephews then surviving, and in the absence of such surviving children the amount to revert to her residuary estate. ■■■ The question involved in this appeal is: Whether or not in the absence of such surviving children a gift by implication of said amount would result in favor of the nephews themselves."

In the first place it will be observed that the provisions of the will as found in said fourth paragraph contain no direct gift of the trust fund under any. circumstances to respondents Bloom. A condition of the creation of the trust was that decedent's brother George be not living at the time of her death. The gift is to a trustee for the purpose of investment and for payment of the net income in equal portions to Minnie Perkins Bloom and to the two sons George and Burton, "until said Burton Fontaine Bloom, shall arrive at the age of forty years (40) and if he shall not live so long, then until George Thompson Bloom shall arrive at the age of forty-five years, and if he shall not live so long, then upon the death of said George Thompson Bloom, said trust shall terminate . . . and the remaining two-thirds of said Trust Fund, namely, Ten thousand dollars ($10,000.00) shall be equally divided, between the children of said George Thompson Bloom, and of Burton Fontaine Bloom, if any children survive them, but if no children shall survive said George Thompson Bloom or Burton Fontaine Bloom, then such an one's portion shall revert to my residuary estate".

It is manifest that if respondents at the time of the determination of this cause in the trial court had had children, this fund would have belonged to them upon termination of the trust; but it is admitted that neither of them have or ever have had any children. Not only does the will fail to say

that in the absence of such existing children said $10,000 should go to respondents, but it goes further and specially provides that under those conditions the portion which would have been the portion of such children ''shall revert to my residuary estate''.

■ It being admitted that there was no direct gift of such money to respondents, their claim, if it is to be sustained at all, must rest upon the doctrine of bequest by implication. It may be conceded that in case of ambiguity or other uncertainty in the terms of a will, its meaning may be ascertained and interpreted by considering the particular terms of the will and the terms of the instrument as a whole, and the various circumstances which the testator reasonably may be supposed to have had in mind at the time of execution of the will; but this means of ascertaining the intention of the testator is limited to the field of interpretation of the language of the instrument, and does not authorize a court to create a bequest not contained in the will. As was said by this court in the case entitled *In re Reinhardt,* 74 Cal. 365, 369 [16 Pac. 13, 15] : ■ ''The implication must arise from and stand on something expressed in the will. It must be deduced from something said in the will.'' Again, in *Estate of Franck,* 190 Cal. 28, 31, 32 [210 Pac. 417], this court said: ''It is equally well settled that a devise or bequest may arise by implication. To warrant the court in so declaring there must be something more than conjecture. The probability of an intention to make the gift implied must appear to be so strong that an intention contrary to that imputed to the testator can not be supposed to have existed in his mind.''

■ Respondents in their brief refer to the rule that a court in its consideration of a question of construction and interpretation of a testamentary instrument will endeavor to ascertain the actual intention of the testator by reference to the entire will in the light of surrounding circumstances. In this connection they call attention to the fact that in another paragraph of this will there is an outright bequest of $2,000 each to the two respondents. It is further suggested that this fact lends weight to their contention that respondents should also have the benefit of a bequest by implication under the paragraph which is the subject of this present controversy. But this is mere conjecture. It might equally well be inferred that having given to each of these two

nephews a direct bequest of $2,000, and in said fourth paragraph having given them the income of $10,000 for a limited period of time, the testatrix considered that, under the conditions now existing, the principal sum at the termination of the trust should revert to her own estate. This inference is supported by the provision at the end of the paragraph that under the circumstances now existing the said principal sum "shall revert to my residuary estate".

That part of the decree directing payment to each of the respondents of the sum of $5,000 (subject to reductions for inheritance tax, etc.) is reversed, with instructions to the trial court to dispose of said moneys in accordance with this decision.

Waste, C. J., Curtis, J., Langdon, J., Seawell, J., and Shenk, J., concurred.

Rehearing denied.