[Civ. No. 12507.   First Dist., Div. One.   Feb. 14, 1944.]

Estate of VINCENZA OTTOVEGGIO, Deceased. DR. PAS-
   QUALE SCELSO, Appellant, v. MARY OTTOVEGGIO
   et al., Respondents.

J. M. Atkinson for Appellant.

W. E. Foley for Respondents.

DOOLING, J. pro tem.—This is an appeal by Pasquale Scelso, one of the beneficiaries of the holographic will of Vincenza Ottoveggio, deceased, from an order of the probate court construing certain provisions of the will. The will was written entirely in Italian. As translated the provisions construed in the order attacked on appeal read as follows:

"Ninth I give and leave to Mary Ottoveggio daughter of Paul Ottoveggio Five Thousand Dollars besides there is to be paid One Thousand Dollars of Insurance Twelve acres of ranch including the houses and all the furniture linen and gold and all silverware including all my clothes that is Mary Ottoveggio daughter of Paul the remainder of the ranch of twenty-two acres to be divided between Frank Ottoveggio and Michael Ottoveggio sons of Paul Ottoveggio.

"Tenth I give and leave my house of Santa Clara ten four seven together with the house of Santa Cruz one two seven Buena Vista

"All shares of Transamerica as well as Bank of America as well as shares of Blair Corporation as well as all the money is to be paid to Doctor Pasquale Scelso but with the duty of giving me honorable burial that is Doctor Pasquale Scelso."

The house in Santa Cruz which was devised to appellant by the tenth paragraph above quoted was furnished and a dispute arose between appellant and respondent Mary Ottoveggio as to which of them was entitled to the household furniture and furnishings in the Santa Cruz house. The executor petitioned the court for instructions on this subject and the court by its order determined that the devise to appellant of the house in Santa Cruz "did not include any personal property located therein or thereon" and that the

phrase "all the furniture, linen and gold and all silverware including all my clothes" in the ninth paragraph "included and embraced all furniture, linen, gold and silverware contained in the house or on the premises known as No. 127 Buena Vista Avenue, Santa Cruz" (the house devised to appellant).

Oral testimony was introduced that the Santa Cruz house was furnished for occupancy, that house and furniture were used by the testatrix as a unit, and that none of the furniture or furnishings thereof was ever transferred between the testatrix' home in Santa Clara and the Santa Cruz house which she used for vacation purposes.

Appellant claims that this testimony, which was uncontradicted, brings the case within the rule announced in *Estate of Franck,* 190 Cal. 28 [210 P. 417]. In that case the testatrix bequeathed "all the net profits or net income that may be derived from those premises" situated in the city of Richmond and particularly described to Mary Ray Spencer to be used for her care and education until she shall have reached the age of twenty years, the accumulation unexpended to be paid to her at that time and with the further direction that when "Mary Ray Spencer shall have reached the age of thirty-five years the said above described real property is hereby bequeathed to her as her property." The evidence in the Franck case showed that the real property referred to was improved with an apartment house, that this apartment house was furnished, that the apartments therein were rented furnished and that the furniture, fixtures and other personal property therein had at all times been used as a part of the apartments. The Supreme Court held (190 Cal., at p. 32) that "the unqualified gift of the rents, issues and profits of a fund or property, real or personal, amounts to a gift of the fund or property itself," and that the bequest of the income of the "premises" to Mary Ray Spencer carried with it the title to the furniture, fixtures and other personal property since they had constituted an integral part of the "premises" as customarily operated and rented by the testatrix. The court said in this connection (190 Cal., at pp. 32 and 33):

"If it be claimed that the word 'premises' should be held to only apply to the real property devised, it sufficiently appears from the will, the circumstances under which it was made, the persons named as devisees and legatees, and the

property itself, that Mrs. Franck intended to make no subtle distinction between the realty and the personalty, which, by unity of use, comprised the apartment house premises. . . . It is hardly to be thought that she intended to segregate realty from personalty in making the gift. She made no specific disposition of the personal property, comprising the furniture and equipment of the Raymond Apartment House, nor bequest over in the event of Mary Ray Spencer's death. Hers was an absolute gift of the income arising in part from personal property, and, in so far as the personalty was concerned, making no direct mention of the principal. It amounted to a general gift of the personalty itself."

The Franck case is not controlling in the construction of the will before us. ■ All parts of a will must be construed together in arriving at the intent of the testator. (26 Cal.Jur. 886; *Estate of Northcutt,* 16 Cal.2d 683, 689 [107 P.2d 607]; Prob. Code, sec. 103.) The probate court was entitled to consider the ninth and tenth paragraphs together in order to determine the testatrix' intent. ■ It is to be observed that in the ninth paragraph the testatrix clearly and specifically described "all the furniture, linen and gold and all silverware including all my clothes." By contrast in the tenth paragraph no mention is made of any personal property of this character. It is a reasonable assumption that, if the testatrix had intended by the tenth paragraph to bequeath any personal property of the kind so carefully described in the ninth paragraph, she would have said so expressly; or conversely that if she had intended only the furniture and furnishings of each house to go with that house and had believed that the devise of each house would carry with it its own furniture and furnishings, she would have omitted the specific enumeration of those articles in paragraph nine.

The trial court's construction is further fortified, if need be, by the generally accepted rule of law recently quoted from Thompson on Wills (2d ed.), section 252, page 327 by the Supreme Court of Kansas in *Mann* v. *Haines,* 146 Kan. 988 [73 P.2d 1066, 1072]:

"In the absence of anything in the will showing a contrary intention, a devise of a designated house, place, or tract, does not include personal property in the house or elsewhere on the land." (Cf. 69 C.J. p. 404, sec. 1456; *Holohan* v. *McCarthy,* 130 Ore. 577 [281 P. 178]; *Smith* v. *Heyward,* 115 S.C. 145 [105 S.E. 275].)

It is said in the very case most strongly relied upon by appellant, *Estate of Franck, supra,* 190 Cal. 28 at pages 31 and 32:

"It is equally well settled that a devise or bequest may arise by implication. To warrant the court in so declaring there must be something more than conjecture. The probability of an intention to make the gift implied must appear to be so strong that an intention contrary to that imputed to the testator cannot be supposed to have existed in his mind."

This is a rule frequently since reiterated and applied. (*Estate of Swan,* 5 Cal.2d 635, 639 [55 P.2d 1171]; *Estate of Vizelich,* 129 Cal.App. 347, 353-4 [18 P.2d 773]; *Estate of Kruce,* 10 Cal.App.2d 426, 429 [51 P.2d 1174].)

The language of the will before us so far from showing an intention to make a gift of the furniture and furnishings of the Santa Cruz house to appellant "so strong that an intention contrary . . . cannot be supposed to have existed" in the testatrix' mind, rather shows the contrary. As already noted when she intended to make a gift of such articles in the ninth paragraph she was careful to say so. The omission of their mention in the tenth paragraph could not be made the basis of a finding based on anything stronger than conjecture, opposed to the internal evidence of the will itself, that she intended the furniture and furnishings to go with the Santa Cruz house.

Appellant argues that the use of the words "including" and "the" in the ninth paragraph evidence an intention to limit the articles of personal property bequeathed thereby to those contained in the houses devised therein. It is to be noted, however, that "including" modifies "houses" and "all my clothes" only and not "furniture," "linen," "gold" or "silverware." The use of the definite article before the word "furniture" cannot be given particular weight since it is omitted entirely from the entire clause "linen gold and all silverware." A will should be construed if reasonably possible to avoid partial intestacy. (26 Cal.Jur. pp. 899-900, sec. 215.) The testatrix only mentioned furniture, linen, gold and silverware and clothes once in her will, in paragraph nine. It is conceded by appellant that the words "including all my clothes" refer to clothes of the testatrix wherever located. The probate court properly construed the

bequest in paragraph nine as one to Mary Ottoveggio of all such articles wherever situated.

The order appealed from is affirmed.

Peters, P. J., and Ward, J., concurred.