[Civ. No. 46293. Second Dist., Div. One. Sept. 11, 1975.]

Estate of ZOE ELLA BURSON, Deceased.
DE ETTA STERES, as Administratrix, etc.,
Petitioner and Respondent, v.
ETHEL MAE FOX et al., Objectors and Appellants.

---

COUNSEL

Marcus, Wechsler & Weiss, Alvin Wechsler, Lyn H. Marcus and Robert M. Ebiner for Objectors and Appellants.

Agnew, Miller & Carlson, T. E. Calleton and Stanley H. Williams for Petitioner and Respondent.

---

OPINION

**THOMPSON, J.**—This is an appeal from an order determining interests in the estate of Zoe Ella Burson, deceased. Appellants, two of the deceased's six children who will take a portion of the estate which is not disposed of by will, contend that: (1) the probate court erred in failing to honor a stipulation of all interested parties construing a portion of the decedent's holographic will disposing of a part of her real property; and (2) the court erred in construing a bequest of "the home place with twenty acres" as including the contents of the home as well as real property. We conclude that a stipulation executed by counsel for appellants and respondent determined their rights with respect to the decedent's real property, and hence that the trial court erred in not honoring the stipulation. We conclude also that the probate court correctly construed the devise of the "home place" as impliedly bequeathing its contents because only that construction avoids intestacy as to the contents. Accordingly, we reverse the order of the probate court in part.

Zoe Ella Burson died on September 12, 1971, and was survived by six children, three the issue of her marriage to James Juvinall from whom she was divorced, and three the issue of a second marriage to Emil Burson from whom she was also divorced. Mrs. Burson left a valid holographic will dated November 21, 1950.

Prior to the date of her will, decedent acquired title to 80 acres of real property. A portion of the property was improved by a home which

decedent occupied. Decedent's will of November 21, 1950, reads in part: "I don't want him [Emil Burson] to have any part of this property—and my children who loved me enough to help me are to share in my property, and whatever Money, Bonds, Etc. I want De Etta to Have my Home place with 20 acres—Richard to have 20 acres adjoining De Etta's—Beverly—the 20 acres on the East End." The will leaves $1.00 to decedent's daughter Ethel and does not mention her sons Rex and Donald.

In 1968, decedent acquired an adjoining 40-acre parcel from her ex-husband Emil Burson. In 1969, decedent sold the easterly 20-acre parcel which the will bequeathed to Beverly for a down payment plus two notes secured by deeds of trust each in the amount of $7,500.

On August 2, 1972, decedent's will was admitted to probate over the contest of Ethel and Beverly. De Etta was appointed administratrix with will annexed. On October 2, 1972, De Etta filed a "Petition for Determination of Entitlement of Distribution of Estate." The petition alleges that a series of disputes had arisen concerning distribution of the decedent's estate. The disputes are recited as: a claim of Donald and Rex to the "specific devises" to Richard, De Etta, and Beverly; a claim that the specific bequest to Beverly had been extinguished by ademption when the easterly 20-acre parcel was sold; a claim by De Etta and Richard that they "are entitled to the 20 acre parcels left to each of them by said will free and clear from any encumbrance . . ." because a general encumbrance on the real property owned by decedent at the time of her death was intended to cover only the 40 acres acquired by her in 1968; a claim by Ethel that she is entitled to a share in the estate; and a claim by all the sons and daughters of decedent except De Etta and Richard that the will does not dispose of the residue of the estate and that all the children are entitled to share equally in the residue by reason of intestacy.

Beverly filed an objection to the petition. On January 19, 1973, prior to hearing on the petition, De Etta, Ethel, and Beverly filed a stipulation of their respective counsel. The stipulation recites necessary procedural facts. It states the facts of the sale of the easterly 20 acres which the will bequeathed to Beverly. It recites that the 40-acre parcel acquired by decedent in 1968 is not disposed of by the will, that there is a question as to its title, that the estate will bring an action to quiet title to the 40 acres and that no one is to receive extraordinary fees for the quiet title action. Paragraph 5 of the stipulation is of particular significance to the case at

bench. It states in pertinent part: "5. Prior to November 21, 1950 decedent acquired title in fee to eighty acres of real property in the County of Los Angeles, State of California . . . . [¶] Sometime in 1968 decedent sold the easterly twenty acres thereof to George Rosenberg, . . . [¶] E. Said decedent's Will purports to devise twenty acres to Richard Burson and twenty acres to De Etta Steres but the most Easterly twenty acres of the said remaining acres was not disposed of by said Will."

Counsel for appellants Ethel and Beverly filed memoranda of points and authorities, with respect to the petition, contemporaneously with the filing of the stipulation. About three months later, respondent's counsel filed his memorandum of points and authorities. The memorandum filed on Ethel's behalf goes solely to the issue that she is entitled to take her share of any property of the decedent not disposed of by will despite the clause in the instrument disinheriting her. (See *Estate of Barnes,* 63 Cal.2d 580, 583 [47 Cal.Rptr. 480, 407 P.2d 656].) The memorandum filed by Beverly's counsel argues that the sale of the 20 acres bequeathed to her did not work an ademption, discusses the order in which estate assets are to be used to pay estate debts, and contends that Beverly is entitled to a pro rata share of the 40 acres acquired by the decedent in 1968. The memorandum filed on behalf of respondent De Etta argues that the property bequeathed to Beverly was adeemed and that a note secured by a deed of trust covering all of the decedent's property should be paid solely out of funds obtained from the 40 acres acquired in 1968. None of the memoranda filed by either respondent or appellants intimates that after the stipulation there was any dispute that respondent De Etta was entitled to a specific bequest of anything more than 20 acres of decedent's property.

De Etta obtained new counsel. Nine months after the stipulation and six months after De Etta's original counsel had filed his memorandum of position with respect to the "Petition for Determination of Entitlement of Distribution of Estate," new counsel for De Etta filed a "Statement of Claim of Interest in Estate." Without asking to be relieved of the stipulation filed on January 19, 1973, De Etta asserted through her new lawyers that the bequest made to her in the will encompassed 40 acres consisting of decedent's home, the 20 acres on which it sat, plus the 20 acres adjoining. De Etta also claimed "all personal property of the decedent contained within the home place."

The issues raised by De Etta's original petition and her inconsistent claim of interest were heard on September 17, 1973. No evidence was

taken. The parties, however, stipulated that the 80 acres originally acquired by decedent were one contiguous parcel undivided by fences at the time the will was executed.

The probate judge stated that the "20-acre problem" was "still up in the air" and requested counsel to discuss the issue in memoranda to be filed with the court. Counsel for Ethel and Beverly relied in their memoranda upon the stipulation of January 19, 1973, noting that no motion had been made to be relieved from it.

Despite the stipulation and De Etta's judicial admission in her petition for determination of entitlement of distribution of estate, the probate court construed the will as bequeathing 40 acres of the property to De Etta as claimed by her through her new lawyers. The probate court also construed the will as leaving to De Etta the personal property located in the home on the property although the will made no reference to the personal property. This appeal from those two segments of the probate court's order followed, the parties seemingly being otherwise satisfied with its terms.

 The probate court erred in not honoring the stipulation that construed decedent's will as intending to bequeath a "home place" consisting of a house and surrounding 20 acres of land to De Etta. Code of Civil Procedure section 283, subdivision 1 "provides that an attorney has authority to bind his client in any of the steps of an action or proceeding 'by his agreement filed with the clerk, or entered upon the minutes' . . . ." (1 Witkin, Cal. Procedure (2d ed.) Attorneys, § 126.) Here a stipulation defining the nature of the bequest to De Etta in a fashion considerably more limited than that determined by the probate court was entered into by De Etta's counsel and counsel for Ethel and Beverly and filed with the clerk of the probate court. The stipulation controls the interpretation to be given the bequest to De Etta unless for some reason it may properly be disregarded. No reason to disregard the stipulation appears in the record.

Respondent De Etta argues that the stipulation is not binding because: (1) her original counsel also represented an heir with an interest in the estate adverse to De Etta; (2) her original counsel, when entering into the stipulation, represented De Etta in her capacity as executrix and not personally; (3) the stipulation gives up a substantive right without De Etta's consent; and (4) it is an erroneous stipulation of law rather than one of fact.

Respondent's contentions must be viewed in the context that she made no motion in the probate court to be relieved of the stipulation. For that reason, there is no factual showing in the record which begins to sustain her contention that her original counsel also represented an heir with an adverse interest without De Etta's consent. It also does not support the proposition that original counsel stipulated away a substantive right without her acquiescence. What record there is is susceptible to the interpretation that De Etta's position is more the creature of her substituted counsel than her own. She personally verified the petition which commenced the matter at bench in which she asserted that the bequest to her was a 20-acres only. De Etta's original counsel had authority to stipulate to the items placed in issue by her petition. (1 Witkin, Cal. Procedure (2d ed.) Attorneys, § 131.)

Similarly without evidence taken on a motion to be relieved of the stipulation, there is nothing in the record to support De Etta's argument that the stipulation binds her only in her representative capacity so that she is free to renege on it by asserting a personal claim contrary to its terms. The stipulation pertains to De Etta's petition for determination of entitlement of distribution of estate. The petition seeks instruction to De Etta as executrix but it also asserts her personal rights as an heir and legatee. The stipulation is executed by De Etta's original counsel in a fashion purporting to bind her as "Petitioner."

Respondent's contention that the probate court was free to disregard the stipulation because it represents an erroneous agreement of applicable law is meritless. ■ A court is free to disregard a stipulation only if it is "illegal" or "contrary to public policy." (*Estate of Howe,* 88 Cal.App.2d 454, 458 [199 P.2d 59]; 1 Witkin, Cal. Procedure (2d ed.) Attorneys, § 123.) Assuming, but by no means deciding, that a stipulation which incorrectly states a principle of law governing a decision is contrary to law, here the stipulation was one of fact. ■ Where a clause of a will is ambiguous in a fashion that permits extrinsic evidence in aid of its interpretation, a stipulation of its meaning is one of "ultimate fact." (*Estate of Howe, supra,* 88 Cal.App.2d 454, 458.) In essence, the stipulation is a substitute for the extrinsic evidence that could otherwise be offered. ■ Here the pertinent clause in decedent's will was ambiguous on its face as to the meaning of "home place" and latently ambiguous when its wording is compared with the property owned by decedent when she executed the will. Thus the stipulation is one of fact and is binding on the court unless it is contrary to public policy..

The stipulation furthers the public policies of settling disputes and expediting trials and is by no stretch of the imagination contrary to the policy of California. On the record here, it simply reflected what the parties agreed the pertinent language meant. The stipulation avoided the necessity of expenditure of the time and money of the parties and the public by removing from the litigation an item not in dispute.

We thus conclude that the probate court erred in not honoring the stipulation of the parties interpreting decedent's will as bequeathing only 20 acres of her "home place" real property to De Etta. ■ We reach the much more difficult issue of whether the bequest of the "home place" should, on the sketchy extrinsic evidence, be interpreted as also leaving to De Etta the personal property in the house located on it.

The probate court found that the bequest of the "home place" to De Etta carried with it by implication a bequest of the personal property located within it. ■ "[A] devise or bequest may arise by implication. To warrant the court in so declaring there must be something more than conjecture. The probability of an intention to make the gift implied must appear to be so strong that an intention contrary to that imputed to the testator cannot be supposed to have existed in his mind." (*Estate of Franck,* 190 Cal. 28, 31-32 [210 P. 417].) ■ In most jurisdictions, "[a] general gift of a house does not pass its furniture or other contents." (4 Page on Wills, Description of Property § 33.29; Note: Devise of House, 29 A.L.R.3d 574, 587-589.) Counsel for the parties have not cited us to any California precedent dealing directly with the applicability in this state of the rule of other jurisdictions. Our own research has disclosed only language in *Estate of Ottoveggio,* 62 Cal.App.2d 880, 883 [145 P.2d 700]. There the Court of Appeal states: " 'In the absence of anything in the will showing a contrary intention, a devise of a designated house, place, or tract, does not include personal property in the house or elsewhere on the land.' "

Here a special circumstance establishes the "contrary intention"—the intent that the bequest of realty carries with it the personal property contained in it. Where a will devises a home and does not contain a residuary bequest or specific bequest of the home's content, the principle disfavoring bequests by implication conflicts with the liberally applied principle that an ambiguity in a will is to be resolved in favor of a construction that does not result in total or partial intestacy. (7 Witkin, Summary of Cal. Law (8th ed.) Wills and Probate, § 176.) In that situation, the principle of construction to avoid intestacy prevails over

that disfavoring implied bequests. (*In re Stephan's Will*, 199 Misc. 118 [98 N.Y.S.2d 416].)

In the case at bench, the only interpretation of decedent's will which avoids intestacy as to the contents of the "home place" is that which implies a bequest of the content with the devise of the realty. We thus conclude that the probate court was correct in so construing decedent's will.

That portion of the judgment (order) which decrees that De Etta Steres is entitled to "The decedent's home place, the 20 acres on which the home place is situated and the adjacent 20 acres" as more fully described in the order is reversed. The judgment (order) is otherwise affirmed. Appellants to recover their costs on appeal.

Lillie, Acting P. J., and Hanson, J., concurred.