FERGUSON, Judge.
This appeal challenges an order, entered thirteen months after a Final Judgment of *665 Dissolution of Marriage, which purports to clarify the judgment. Appellant-husband contends that the Final Judgment contains no ambiguity and that the order of clarification effects an improper substantive change, modification or enlargement of the judgment after the court’s jurisdiction had expired. We agree and reverse.
The marriage was dissolved on August 18,1980. The Final Judgment awarded the wife part of the jointly owned business property, rehabilitative alimony and the marital residence. The court reserved jurisdiction for the purpose of awarding attorney’s fees, costs and for enforcement of the judgment.
The present controversy stems from paragraph five of the judgment which provides:
5. The marital residence located at 1241 South Alhambra Circle, Miami, Dade County, Florida is hereby awarded to the Wife as lump sum alimony. The wife shall be solely responsible for and hold the Husband harmless with regard to all mortgages, insurance and tax payments upon said property.
On April 21, 1981 appellant brought an action against the wife for conversion and civil theft seeking recovery of heavy duty tools which had remained in the marital residence. He alleged in the complaint that appellee had willfully refused to surrender his property or had maliciously sold or destroyed the property. Appellee-wife filed her Petition for Clarification of the Judgment of Dissolution, attaching a copy of appellant’s complaint and seeking a declaration that the award of the marital residence included the tools. That declaration was to be used as a res judicata defense to appellant’s suit for conversion.
Appellant’s Motion to Strike the Petition for Clarification was denied. After an evi-dentiary hearing the court entered an order on the petition. The final paragraph of the order states:
3. The court hereby clarifies and makes known its intent that the term “marital residence” in paragraph 5 of the Final Judgment of Dissolution of Marriage entered the 18th day of August, 1980, included, without limitation, all personal property situated and located in or about 1241 South Alhambra Circle on the 18th day of August, 1980.
The question presented for our consideration is whether the term marital residence, where used in a decree making an award of lump sum alimony, includes tools and similar equipment.
Our holding in Vandervoort v. Vandervoort, 277 So.2d 43 (Fla. 3d DCA 1973) which cites Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948), is that a final decree in equity settles all property rights of the parties and bars any action thereafter brought by either party to determine the question of property rights.[1] Appellee argues nonetheless, that under American Savings and Loan Association of Florida v. Saga Development Corporation, 362 So.2d 54 (Fla. 3d DCA 1978) and Boynton v. Canal Authority, 311 So.2d 412 (Fla. 1st DCA 1975) the trial court retained jurisdiction to interpret the original Final Judgment and make known its intent concerning the term marital residence. The holdings in American Savings and Boynton v. Canal Authority are sound but not supportive of appellee’s argument because we think the phrase “marital residence” as used herein is plain and unambiguous.
Neither party has been able to find a single Florida case interpreting the commonly-used phrase “marital residence”. We think the absence of any such case is evidence that the term has a generally accepted meaning. The words “residence”, “home” and “dwelling” are used synonymously and interchangeably.[2] In dissolu *666 tion proceedings, where the parties cannot agree and the matter is presented as an issue, the court is obligated to adjudicate the rights of the parties as to personal property which was acquired during the marriage — aside from an award of the residence.
The question what is encompassed in the term “dwelling” or “home” has risen in several probate cases; resolution of the question in that context is persuasive authority for the decision we reach in this case. In Massachusetts Audubon Society v. Ormond Village Imperial Ass’n, 152 Fla. 1, 10 So.2d 494 (1942), the supreme court held that the term dwelling, when used in a will to describe a specific property being devised carries with it real property, including the grounds on which the dwelling is located and outbuildings. The issue was squarely presented in McKinley v. McKinley, 483 S.W.2d 310 (Tex.Civ.App., Tyler, 1972) and it was held there that the term “home” as used in a will does not include the furniture, appliances and yard tools. The home was defined as “a dwelling house or habitual abode of [a] family or the place of constant or permanent residence” which “does not include the contents of a house used for a residence.” As a general rule, absent a contrary intention in a will, a devise of a designated house does not include personal property. Accord Tilghman v. Frazer, 191 Md. 132, 153, 62 A.2d 596 (1948); In Re: Ottoveggio’s Estate, 62 Cal.App.2d 880, 145 P.2d 700 (1944); Mann v. Haines, 146 Kan. 988, 73 P.2d 1066 (1937).
Having considered the question presented against a background of common practice in family law matters (which implicitly recognizes that an award of the marital home does not include personal property), and the settled law of probate which is consistent with the practice, we hold that the term marital residence when used to describe the award of the marital home, and contemplating that the receiving spouse or children will continue to reside there, means the real property, fixtures, furnishings and appliances, unless a contrary intention is expressed, but does not include other personal property.
Because heavy duty tools and equipment were not expressly included in the award of the marital residence, and since the term “marital residence” is not broad enough to include them, the court’s clarification of the Final Judgment to award those items to the wife impermissibly changed or enlarged the judgment after jurisdiction had expired. As to property rights not dealt with by the judgment of April 18,1980, the parties were at liberty to litigate them in other separate proceedings. Vandervoort, 277 So.2d at 45.
Reversed.

. The wife took an appeal from the final judgment and the husband cross-appealed. The appeal was dismissed on stipulation of the parties February 23, 1981 pursuant to Rule 9.350(b), Fla.R.App.P., on a representation that the judgment had been amended by agreement. Upon dismissal of the appeal, the judgment, as amended, became final except as to the alimony award. See § 61.14 Fla.Stat. (1979).

. See Black’s Law Dictionary 660 (rev. 5th ed. 1979).