HENDRY, Judge.
Ms. Veiner appeals from a post-dissolution order of a successor trial court, pursuant to a remand from this court, which found that she was not entitled to a special equity award because there was no res to which it could be attached, all marital assets other than the marital home having been dissipated. We reverse.
It would serve no purpose to relate any but the most essential elements of the tortured history of this bitterly fought contest. The parties were married for 19 years. There were four children, the last of which has now reached his majority. Appellee obtained his masters and Ph.D. degrees in finance after the parties were married. Appellant holds a teaching certificate but did not work full-time during the marriage. She has continuing physical problems as a result of an automobile accident. The amended final judgment of dissolution found that appellant was entitled to a $32,232 special equity in appellee’s assets for her “contribution of substantial monies and efforts which enabled [appel-lee] to accumulate his fortune.” [1] Other relevant portions of the order awarded appellant child support, divided the marital home and certain of the couple’s jointly held securities, and gave her no alimony. Appellee received his ship-chartering business and certain other securities outright.
The former husband appealed the special equity award to this court and appellant herein cross-appealed the denial of alimony, the amount of child support, and the award of certain jointly held property to the husband. This court’s opinion, Veiner v. Veiner, 364 So.2d 834 (Fla. 3d DCA 1978) (Veiner I), cert. denied, 376 So.2d 77 (Fla.1979), remanded that part of the judgment which awarded the special equity to the wife, stating that it was error to award a special equity without specifying the res or showing her contributions to the res, affirmed the award of certain jointly held property to the husband and the amount of the child support award, finding that the record supported the trial court’s resolution of the disputed questions of fact, and reversed a final order entered by the trial court after the case was on remand. The remand was general; no instructions were given as to what precisely this court wanted the trial court to do with the special equity issue.[2] A motion for clarification was denied.
The original appeal in this case predates Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), the landmark case which, along with Ball v. Ball, 335 So.2d 5 (Fla.1976), and Duncan v. Duncan, 379 So.2d 949 (Fla.1980), clarifies for the legal profession the various alimony and property settlement awards available in a dissolution proceeding and when these awards should be utilized. Obviously, lump sum alimony and special equity in marital property were available before Canakaris. Cf. Yandell v. Yandell, 39 So.2d 554, 556 (Fla.1949) (lump sum alimony advisable in those instances where wife may have brought to the marriage, or assisted husband in accumulating property and where husband has the ability to pay the gross award), and Eakin v. Eakin, 99 So.2d 854, 855 (Fla.1958) (special equity in property warranted when facts show a contribution of funds or services above and beyond the performance of ordinary marital duties, citing Heath v. Heath, 103 Fla. 1071, 138 So. 796 [1932]). Just as obviously, the fact that there were three Florida Supreme Court opinions in four years on the issue of special equity vs. lump sum alimony reflects the confusion *383 surrounding these awards at the trial and district court levels.
It is clear that such uncertainty affected the initial disposition of this case. At a time when it was not at all uncommon to see courts award lump sum alimony because of the “special equities” involved in the case, cf. Yandell, 39 So.2d at 556 (“a lump [sum] award should be made only in those instances where some special equities might require it .... ”), the original trial court in this case, using the language of Yandell, found a “special equity” when its reasoning and supporting authority indicated that what it really found was justification for lump sum alimony. In short, the trial court used the wrong term of art. Appellant argues strenuously, as she has throughout all of the proceedings below, that she should not be penalized for the trial court’s use of mistaken nomenclature; that even though the trial court was wrong to say that she had a special equity in the former husband’s assets, it would have been correct if it had awarded the marital home as lump sum alimony. She is asking for the marital home now as either lump sum alimony or an equitable distribution. Appellee argues just as strongly that the issue of the marital home is res judicata as having been finally disposed of in the amended final judgment.
It is clear that if this case were coming before us for the first time, we could acknowledge that the special equity award was an error but still uphold the trial court by finding that it was really an equitable distribution, Granda v. Granda, 457 So.2d 589 (Fla. 3d DCA 1984), or lump sum alimony, Fell v. Fell, 421 So.2d 790 (Fla. 1st DCA 1982). We would not burden the trial court with a remand merely for a change in nomenclature. Roffe v. Roffe, 404 So.2d 1095 (Fla. 3d DCA 1981). This court had that power at the time of Venier I also, Firestone v. Firestone, 263 So.2d 223 (Fla. 1972), but instead remanded with no instructions.[3]
It is settled that upon remand with general directions for further proceedings, a trial judge is vested with broad discretion in handling or directing the course of the cause thereafter. City of Pensacola v. Capital Realty Holding Co., Inc., 417 So.2d 687, 688 (Fla. 1st DCA 1982); St. Joe Paper Co. v. Adkinson, 413 So.2d 107 (Fla. 1st DCA 1982). The trial court reacquired jurisdiction over the cause upon the issuance of our mandate. Murphy v. Murphy, 378 So.2d 27 (FLa. 3d DCA 1979). Obviously it had to do so or otherwise our mandate would have been an exercise in futility. The trial court clearly had jurisdiction on remand to correct its error. It had a number of options for doing so. The most logical option would have been for the trial court to award lump sum alimony in either cash or the marital home if it determined that the special equity award was an error. Or, it could have found a special equity by identifying a specific contribution and res. Both of these options, available to the trial court on remand, follow from the determination already made by that trial court after a full trial; that is to say, that appellant was entitled to a specific, equitable interest in the assets, in the amount of $32,232 (and, as a corollary, that appellee had the ability to pay).
Appellee argues that because the marital home was reduced to a tenancy in common by the amended final judgment, any subsequent action to assign to appellant his one-half interest in the marital home as lump sum alimony or an equitable distribution is barred by the doctrine of res judicata. He cites Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948); Haas v. Haas, 421 So.2d 664 (Fla. 3d DCA 1982); and Diejuste v. Davis, 400 So.2d 981 (Fla. 4th DCA 1981) for the proposition that a final decree in equity settles all property rights and bars *384 any action thereafter brought by either party to determine the question of property rights.[4] What appellee fails to understand is that there is no “thereafter” here. This cause was on remand. This was not a new proceeding which raised the status or disposition of the marital home for the first time. Appellant raised the issue of lump sum alimony in Veiner I and the opinion, while taking a position on everything else raised on appeal and cross-appeal, was significantly silent as to the issue of alimony. She has argued the issue of the marital home as lump sum alimony or as an equitable distribution throughout the extensive proceedings below. And she raises it again in this appeal. This is hardly a “thereafter.”
At the time of the final hearing in this case, there were extensive assets from which to make an equitable distribution or award lump sum alimony. Not surprisingly, those assets are now gone and all that remains is the marital home, now subject to partition since the last child has reached his majority.[5] We believe that we uphold the intent of the original trial court’s final judgment and the internal logic of the Veiner I opinion by restating that the original trial court was trying to do equity between the parties, that the original trial court made determinations of disputed issues of fact, and that the original trial court found that appellant was entitled to $32,232 for the contributions she made which enabled appellee to accumulate his fortune. We note that our review in dissolution cases is limited. Kuvin v. Kuvin, 442 So.2d 203 (Fla.1983). But we also believe that no reasonable person would agree with the result of this case as it is before us now: appellant was entitled to receive something for her contributions to the family wealth, but because that wealth, except for the marital home, is now gone, she must receive nothing. See Vandergriff v. Vandergriff, 456 So.2d 464 (Fla.1984). Therefore, we find that the record supports the original trial court’s determinations and that the appellant should receive appellee’s one-half interest in the marital home as an equitable distribution.
Reversed and remanded with directions to award the marital home to appellant.

. The husband argued that the fortune was accumulated through loans from his father, and not from her inheritance and personal injury settlement. His loans went into a successful side business, her money went into "bad" investments. Obviously, in reaching its conclusion that appellant was entitled to a $32,232 special equity, the trial court had to discount this testimony.

. The extent of uncertainty over our mandate can be seen from the fact that six successor judges have now been involved in this case since remand, and notions of the jurisdiction of the trial court on remand have run the gamut from one judge who was going to order a trial de novo to another judge who believed that he was obligated to vacate the special equity award in its entirety and not to give the former wife anything at all.

. Additionally, the opinion relied upon three cases, specifically Steinhauer v. Steinhauer, 252 So.2d 825 (Fla. 4th DCA 1971) and progeny, as authority for why the special equity award was error. Steinhauer created two presumptions so that in the future it would be more difficult for a trial court to find a special equity in favor of the wife. Ball v. Ball, supra, 335 So.2d 5 at 8, citing to Steinhauer, stated that those judicial presumptions were no longer necessary. Thus, at the time of Veiner I, Steinhauer was irrelevant as a legal authority on special equity.

. In Haas, the marital home was awarded to the wife as lump sum alimony. An appeal was taken and then dismissed. Thereafter, there was litigation over whether some tools were a part of the original award. In Diejuste, the pleadings did not raise and the final judgment did not treat any issues involving property. No appeal was taken. Thereafter, the former wife brought suit to determine certain property rights. Clearly, the doctrine of res judicata is appropriate in these cases.

. The record reflects that the assets were sold to repay the loans to appellee’s father and to pay some of Ms. Veiner's attorney’s fees.